UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------------------X

KERRY ASHDOWN,                                                    13 CV 1374 (HB) (GWG)

                Plaintiff,

                                                         **ANSWER**

        -against-

EQUINOX HOLDINGS, INC. a/k/a
EQUINOX FITNESS CLUB and incorporated as
EQUINOX HOLDINGS, INC.,
JOE MATARAZZO a/k/a JOSEPH MATARAZZO,
MAURO MAIETTA,
LAWRENCE SANDERS,
MATT PLOTKIN a/k/a MATTHEW PLOTKIN, and
MATT HERBERT a/k/a MATTHEW HERBERT,

                Defendants.
--------------------------------------------------------------------X

      Defendants Equinox Holdings, Inc. d/b/a Equinox Fitness Club ("Equinox"), Joseph

Matarazzo, Mauro Maietta, Lawrence Sanders, Matthew Plotkin, and Matthew Herbert, by and

through their attorneys, LaRocca Hornik Rosen Greenberg & Blaha LLP, as and for their answer

to plaintiff's Second Amended Complaint (the "Complaint") allege as follows:

      1.      Deny the allegations contained in paragraph 1 of the Complaint.

      2.      Admit that plaintiff purports to assert claims for discrimination based on gender

and disability under the New York City Human Rights Law.  Otherwise, deny the allegations

contained in paragraph 2 of the Complaint.

      3.      Deny knowledge or information sufficient to form a belief as to the truth of those

allegations contained in paragraph 3 of the Complaint regarding plaintiff's citizenship and

residence.  Otherwise, deny the allegations contained in paragraph 3 of the Complaint.

      4.      Deny the allegations contained in paragraph 4 of the Complaint.

      5.      Deny the allegations contained in paragraph 5 of the Complaint.

6.      Deny the allegations contained in paragraph 6 of the Complaint, except admit that (i) Equinox Holdings, Inc. is a Delaware corporation with its principal place of business in New York, New York and (ii) it operates highly regarded luxury fitness clubs in the United States.

7.      Deny the allegations contained in paragraph 7 of the Complaint.

8.      Deny the allegations contained in paragraph 8 of the Complaint.  Equinox further affirmatively states that plaintiff has no claims against Mr. Matarazzo in her Complaint and is barred from asserting any claims against Mr. Matarazzo in her Complaint.  As such, Mr. Matarazzo has been erroneously and incorrectly identified as a defendant in the Complaint.

9.      Deny the allegations contained in paragraph 9 of the Complaint, except admit that Mr. Maietta is a New York resident.

10.     Deny the allegations contained in paragraph 10 of the Complaint.

11.     Deny the allegations contained in paragraph 11 of the Complaint, except admit that Mr. Sanders is a New York resident.

12.     Deny the allegations contained in paragraph 12 of the Complaint, except admit that Mr. Plotkin is a New York resident.

13.     Deny the allegations contained in paragraph 13 of the Complaint.  Equinox further affirmatively states that plaintiff has no claims against Mr. Herbert in her Complaint and is barred from asserting any claims against Mr. Herbert in her Complaint.  As such, Mr. Herbert has been erroneously and incorrectly identified as a defendant in the Complaint.

14.     Deny the allegations contained in paragraph 14 of the Complaint, except admit that plaintiff purports to assert jurisdiction over this lawsuit under 28 U.S.C. § 1332.

15.     The jury demand contained in paragraph 15 of the Complaint does not require a response.

16.     Deny the allegations contained in paragraph 16 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

17.     Deny the allegations contained in paragraph 17 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

18.     Deny the allegations contained in paragraph 18 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

19.     Deny the allegations contained in paragraph 19 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

20.     Deny the allegations contained in paragraph 20 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

21.     Deny the allegations contained in paragraph 21 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

22.     Deny the allegations contained in paragraph 22 of the Complaint.

23.     Defendants neither admit nor deny the factual allegations set forth in paragraph 23 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

24.     Defendants neither admit nor deny the factual allegations set forth in paragraph 24 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

25.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 25 of the Complaint relating to plaintiff's purported two week notice to her former employer.  Otherwise, deny the allegations contained in paragraph 25 of the Complaint.

26.     Defendants neither admit nor deny the factual allegations set forth in paragraph 26 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

27.     Defendants neither admit nor deny the factual allegations set forth in paragraph 27 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

28.     Defendants neither admit nor deny the factual allegations set forth in paragraph 28 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

29.     Defendants neither admit nor deny the factual allegations set forth in paragraph 29 of the Complaint by reason of the fact that the claims correlating to these factual allegations have

all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

30.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 30 of the Complaint.

31.     Deny knowledge or information sufficient to form a belief as to the truth of the allegation contained in paragraph 31 of the Complaint.

32.     Deny the allegations contained in paragraph 32 of the Complaint.

33.     Deny the allegations contained in paragraph 33 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

34.     Deny the allegations contained in paragraph 34 of the Complaint, except admit that plaintiff had verbal and written communications with various Equinox employees on various dates prior to the commencement of her employment with Equinox.

35.     Defendants neither admit nor deny the factual allegations set forth in paragraph 35 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

36.     Deny the allegations contained in paragraph 36 of the Complaint, except admit that plaintiff commenced her employment with Equinox in or about February 2011.

37.     Defendants neither admit nor deny the factual allegations set forth in paragraph 37 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

38.    Deny the allegations contained in paragraph 38 of the Complaint.

39.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 39 of the Complaint.

40.    Deny the allegations contained in paragraph 40 of the Complaint.

41.    Deny the allegations contained in paragraph 41 of the Complaint.

42.    Deny the allegations contained in paragraph 42 of the Complaint.

43.    Deny the allegations contained in paragraph 43 of the Complaint.

44.    Deny the allegations contained in paragraph 44 of the Complaint.

45.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45 of the Complaint.

46.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 46 of the Complaint regarding plaintiff's purported physical ailments.  Otherwise, deny the allegations contained in paragraph 46 of the Complaint.

47.    Deny the allegations contained in paragraph 47 of the Complaint.

48.    Deny the allegations contained in paragraph 48 of the Complaint.

49.    Deny the allegations contained in paragraph 49 of the Complaint.

50.    Deny the allegations contained in paragraph 50 of the Complaint.

51.    Deny the allegations contained in paragraph 51 of the Complaint.

52.    Deny the allegations contained in paragraph 52 of the Complaint.

53.    Deny the allegations contained in paragraph 53 of the Complaint.

54.    Deny the allegations contained in paragraph 54 of the Complaint.

55.    Deny the allegations contained in paragraph 55 of the Complaint.

56.    Deny the allegations contained in paragraph 56 of the Complaint.

57.     Deny the allegations contained in paragraph 57 of the Complaint.

58.     Deny the allegations contained in paragraph 58 of the Complaint.

59.     Deny the allegations contained in paragraph 59 of the Complaint.

60.     Deny the allegations contained in paragraph 60 of the Complaint.

61.     Deny the allegations contained in paragraph 61 of the Complaint.

62.     Deny the allegations contained in paragraph 62 of the Complaint.

63.     Deny the allegations contained in paragraph 63 of the Complaint.

64.     Deny the allegations contained in paragraph 64 of the Complaint.

65.     Deny the allegations contained in paragraph 65 of the Complaint.

66.     Deny the allegations contained in paragraph 66 of the Complaint.

67.     Deny the allegations contained in paragraph 67 of the Complaint.

68.     Deny the allegations contained in paragraph 68 of the Complaint.  Equinox further affirmatively states that plaintiff has no claims against Mr. Herbert in her Complaint and is barred from asserting any claims against Mr. Herbert in her Complaint.  As such, Mr. Herbert has been erroneously and incorrectly identified as a defendant in the Complaint.

69.     Deny the allegations contained in paragraph 69 of the Complaint.

70.     Deny the allegations contained in paragraph 70 of the Complaint.

71.     Deny the allegations contained in paragraph 71 of the Complaint.

72.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 72 of the Complaint.

73.     Deny knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 73 of the Complaint.

74.     Deny the allegations contained in paragraph 74 of the Complaint.

75.    Deny the allegations contained in paragraph 75 of the Complaint.

76.    Deny the allegations contained in paragraph 76 of the Complaint.

77.    Deny the allegations contained in paragraph 77 of the Complaint.

78.    Deny the allegations contained in paragraph 78 of the Complaint.

79.    Deny the allegations contained in paragraph 79 of the Complaint.

80.    Deny the allegations contained in paragraph 80 of the Complaint.

81.    Deny the allegations contained in paragraph 81 of the Complaint.

82.    Deny the allegations contained in paragraph 82 of the Complaint.

83.    Deny the allegations contained in paragraph 83 of the Complaint.

84.    Deny the allegations contained in paragraph 84 of the Complaint.

85.    Deny the allegations contained in paragraph 85 of the Complaint.

86.    Deny the allegations contained in paragraph 86 of the Complaint.

87.    Deny the allegations contained in paragraph 87 of the Complaint, except admit that plaintiff's employment was terminated in September 2011.

88.    Deny the allegations contained in paragraph 88 of the Complaint.

89.    Deny the allegations contained in paragraph 89 of the Complaint.

90.    Deny the allegations contained in paragraph 90 of the Complaint.

91.    Deny the allegations contained in paragraph 91 of the Complaint.

92.    Deny the allegations contained in paragraph 92 of the Complaint.

93.    Deny the allegations contained in paragraph 93 of the Complaint.

94.    Deny the allegations contained in paragraph 94 of the Complaint.

95.    Deny the allegations contained in paragraph 95 of the Complaint.

96.    Deny the allegations contained in paragraph 96 of the Complaint.

97.     Defendants neither admit nor deny the factual allegations set forth in paragraph 97 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

98.     Deny the allegations contained in paragraph 98 of the Complaint.

99.     Deny the allegations contained in paragraph 99 of the Complaint.

100.    Deny the allegations contained in paragraph 100 of the Complaint.

101.    Deny the allegations contained in paragraph 101 of the Complaint.

102.    Defendants neither admit nor deny the factual allegations set forth in paragraph 102 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

103.    Defendants neither admit nor deny the factual allegations set forth in paragraph 103 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

104.    Defendants neither admit nor deny the factual allegations set forth in paragraph 104 of the Complaint by reason of the fact that the claims correlating to these factual allegations have all been dismissed from the action and are superfluous and irrelevant to the remaining claims set forth in Plaintiff's Complaint. Otherwise, the allegations are denied.

105.    Deny the allegations contained in paragraph 105 of the Complaint.

## FIRST CAUSE OF ACTION

106.    Paragraphs 1 through 105 are realleged.

107.    Deny the allegations contained in paragraph 107 of the Complaint.

108.    Deny the allegations contained in paragraph 108 of the Complaint.

## SECOND CAUSE OF ACTION

109.    Paragraphs 1 through 108 are realleged.

110.    Deny the allegations contained in paragraph 110 of the Complaint.

111.    Deny the allegations contained in paragraph 111 of the Complaint.

## THIRD CAUSE OF ACTION

112.    Paragraphs 1 through 111 are realleged.

113.    Deny the allegations contained in paragraph 113 of the Complaint.

114.    Deny the allegations contained in paragraph 114 of the Complaint.

## FOURTH CAUSE OF ACTION

115.    Paragraphs 1 through 114 are realleged.

116.    The allegations contained in paragraph 116 of the Complaint consist of conclusions or statements of law for which no response is required.  To the extent a response is required, defendants deny the allegations contained in paragraph 116 of the Complaint.

117.    Deny the allegations contained in paragraph 117 of the Complaint.

118.    Deny the allegations contained in paragraph 118 of the Complaint.

119.    Deny the allegations contained in paragraph 119 of the Complaint.

## FIFTH CAUSE OF ACTION

120.    Paragraphs 1 through 119 are realleged.

121.    The allegations contained in paragraph 121 of the Complaint consist of conclusions of law for which no response is required.   To the extent a response is required, defendants deny the allegations contained in paragraph 121 of the Complaint.

122.    Deny the allegations contained in paragraph 122 of the Complaint.

123.    Deny the allegations contained in paragraph 123 of the Complaint.

## SIXTH CAUSE OF ACTION

124.    Paragraphs 1 through 123 are realleged.

125.    Deny the allegations contained in paragraph 125 of the Complaint.

126.    Deny the allegations contained in paragraph 126 of the Complaint.

127.    Deny the allegations contained in paragraph 127 of the Complaint.

128.    Deny the allegations contained in paragraph 128 of the Complaint.

129.    Deny the allegations contained in paragraph 129 of the Complaint.

130.    Deny the allegations contained in paragraph 130 of the Complaint.

131.    Deny the allegations contained in paragraph 131 of the Complaint.

## SEVENTH CAUSE OF ACTION

132.    Paragraphs 1 through 131 are realleged.

133.    Deny the allegations contained in paragraph 133 of the Complaint.

134.    Deny the allegations contained in paragraph 134 of the Complaint.

135.    Deny the allegations contained in paragraph 135 of the Complaint.

136.    Deny the allegations contained in paragraph 136 of the Complaint.

137.    Deny the allegations contained in paragraph 137 of the Complaint.

138.    Deny the allegations contained in paragraph 138 of the Complaint.

139.    Deny the allegations contained in paragraph 139 of the Complaint.

## DEMAND FOR RELIEF

Defendants deny that plaintiff is entitled to any relief requested in the *ad damnum* clause of the Complaint or any other relief.

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Any and all adverse employment actions taken by defendants were done for legitimate, non-discriminatory reasons.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery because she failed to mitigate her alleged damages.

### FOURTH AFFIRMATIVE DEFENSE

Defendants exercised reasonable care to prevent or correct promptly any harassing behavior and plaintiff unreasonably failed to take advantage of any preventive or corrective opportunities provided by defendants or to avoid harm otherwise.

### FIFTH AFFIRMATIVE DEFENSE

To the extent that plaintiff seeks to recover from defendants for personal injuries alleged to have incurred in the course of her employment, such recovery is barred by the exclusivity provision of the New York State Worker's Compensation Law.

### SIXTH AFFIRMATIVE DEFENSE

Defendants' liability and penalties, if any, should be mitigated by virtue of the factors set forth in Section 8-107(13)(d) and (e) of the New York City Human Rights Law.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred in whole or in party because plaintiff was not treated differently than any similarly-situated employees.

## EIGHTH AFFIRMATIVE DEFENSE

In the event that plaintiff can demonstrate that an impermissible factor was a motivating factor in the employment decisions that she challenges (which Equinox expressly deny), she is not entitled to any relief because Equinox would have taken the same actions in the absence of any impermissible factor and is, therefore, not liable to plaintiff.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages because defendants engaged in good faith efforts to comply with all laws governing plaintiff's employment and otherwise acted in good faith and without malice, willfulness, recklessness or evil intent.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is not entitled to punitive damages, attorneys' fees, or costs under the New York City Administrative Code.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovery in whole or in part by the after-acquired evidence rule.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims should be reduced and/or barred in whole or in part, due to the doctrines of unclean hands, estoppel, release and/or waiver.

WHEREFORE, defendants respectfully demand judgment dismissing the Complaint in its entirety, together with costs, disbursements and attorneys' fees and such other relief as this Court deems just and proper.

Dated: June 14, 2013
     New York, New York

                    LAROCCA HORNIK ROSEN
                    GREENBERG & BLAHA LLP

By: _____
                    Lawrence S. Rosen (LR-8027)
                    Patrick McPartland (PM-4255)

                    40 Wall Street, 32nd Floor
                    New York, New York 10005
                    T:  212-530-4822, 4837
                    Email: lrosen@lhrgb.com
                            pmcpartland@lhrgb.com

                    *Attorneys for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that, on June 14, 2013, I caused to be served the foregoing Answer by electronic mail upon the following counsel for plaintiff:

> Walker G. Harman, Jr.
> THE HARMAN FIRM, P.C.
> 200 West 57th Street, Suite 900
> New York, NY 10019
> E: wharman@theharmanfirm.com

Katy Areas

15