UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KERRY ASHDOWN,                                      Index No. 13 CV 1374
                                                    (HB)(GWG)
                    Plaintiff,

        -against-

EQUINOX, *a/k/a*
EQUINOX FITNESS CLUB *and incorporated as*
EQUINOX HOLDINGS, INC.,
MAURO MAIETTA,
LAWRENCE SANDERS, and
MATT PLOTKIN *a/k/a* MATTHEW PLOTKIN,

                    Defendants.
-----------------------------------------------------------------X

### DEFENDANTS' STATEMENT OF UNDISPUTED FACTS PURSUANT TO LOCAL RULE 56.1

Pursuant to Rule 56.1 of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York, defendants Equinox Holdings, Inc. d/b/a Equinox Fitness Club ("Equinox"), Mauro Maietta, Lawrence Sanders, and Matthew Plotkin set forth the following statement of the material facts as to which defendants contend there is no genuine issue to be tried:

**A.      The Relevant Parties**

1.      Plaintiff was employed by Equinox as an at-will employee for the position of Personal Training Manager ("PTM") from January of 2011 through September of 2011. Plaintiff was stationed at the fitness club located on Prince Street, New York, New York (the "Equinox Soho Club"). *See Deposition Transcript of Kerry Ashdown annexed as Exhibit C to the Declaration of Lawrence Rosen, dated October 25, 2013 (the "Rosen Decl.") at 35:22 – 36:2; 36:13 – 22; 138:21 – 25.*

2. Defendant Mauro Maietta ("Maietta") has been employed by Equinox since late 2007. During the time of plaintiff's employ, Maietta held the position of Fitness Manager ("FM") at the Equinox Soho Club. *See Deposition Transcript of Mauro Maietta annexed as Exhibit D to the Rosen Decl. at 76:10 – 13; Exh. A. at 52:20 – 53:8.*

3. Defendant Lawrence Sanders ("Sanders") has been the General Manager of the Equinox Soho Club since 2010. Sanders directly supervised plaintiff throughout the course of her employment at the Equinox Soho Club. *See Deposition Transcript of Lawrence Sanders annexed as Exhibit E to the Rosen Decl. at 84:7 – 10; 85:8 -11; 158:3 – 5.*

4. Defendant Matthew Plotkin ("Plotkin") has been employed by Equinox since 1995. During the time of plaintiff's employ, Plotkin held the position of Regional Director. As Regional Director, Plotkin was in charge of overseeing the general managers and staff of the 7 Equinox fitness clubs within his "region," including the Equinox Soho Club. *See Deposition Transcript of Matthew Plotkin annexed as Exhibit F to the Rosen Decl. at 42:8 – 11; 13:18 – 14: 25; 16:2 – 19.*

**B.   Plaintiff's Interview**

5. Prior to commencing her employment at the Equinox Soho Club, plaintiff was interviewed by Joseph Matarazzo ("Matarazzo"), the National Director of Personal Training Operations, Elizabeth Minton ("Minton"), the National Director of Personal Training Development, Matthew Plotkin, and Lawrence Sanders. *Id.; Id. at 46:2 – 4; Id. at 48:14 – 17; See Deposition Transcript of Joseph Matarazzo annexed as Exhibit G to the Rosen Decl. at 23:7 – 15; Exh. C. at 37:24 – 38:4; Id. at 37:10 – 13.*

C. **Employment at the Equinox Soho Club**

6. Plaintiff and Maietta worked with one another at the Equinox Soho Club on a daily basis and they shared an office. *Id. at 54:13-17.*

7. Plaintiff's duties and responsibilities as a PTM included managing the personal trainers, training the personal trainers on sales as well as helping the personal trainers generate new business and improve upon their existing business. *Id. at 45:7 – 14.*

8. Maietta's duties and responsibilities as a FM included training and developing the personal training team and overseeing the personal trainers' client programming. Maietta also handled personal training payroll and reviewed the personal trainers' performance commission reports. *Id. at 53:5 – 23; Exh. D. at 16:10 – 23.*

9. Plaintiff informed Sanders and Maietta that she was diagnosed with ovarian cancer. *Exh. C.. at 103:2 – 5.* By all accounts, plaintiff was able to fully perform her job duties while being treated for her cancer. *Id. at 105:10 – 20.* No other individuals at Equinox were aware that plaintiff was undergoing treatment for her cancer. *Id. at 35:17 – 21.*

10. Plaintiff admits that no one ever made any negative comments about her physical appearance while she was undergoing cancer treatments. *Id. at 106:13 -22; 112:16 – 113:10.*

11. Plaintiff admits that she never reported any complaints of disability discrimination to anyone at Equinox. Plaintiff also admits that she never reported any complaints of disability discrimination to Equinox's Human Resources department or its toll free, 24/7 Ethics Hotline. *Id. at 114:8 – 17.*

E. **Session Pulling**

12. Plaintiff's performance commission report (the "Commission Report") for the time period of July 1st through August 31st demonstrates that plaintiff received commission

3

payments for multiple personal training sessions for the same client on the same day. Plaintiff admits that she did not conduct the personal training sessions with that client. *Exh. C. at 132:12 - 133:14; Exh D. at 22:25 – 24:5; See the Commission Report annexed as Exhibit H to the Rosen Decl.*

13. An Information Technology report (the "IT Report") demonstrates that multiple expired personal training sessions were reinstated and then "pulled" at plaintiff's computer terminal using two individualized cashier codes that only plaintiff had access to, her own and the cashier code of her subordinate, Cornelia Hobbie ("Hobbie"). *Exh. E. 29:13 – 25; Exh. F. at 193:12 – 194:12; See the IT Report annexed as Exhibit I to the Rosen Decl.*

14. The sessions were reinstated and "pulled" crediting plaintiff, Bobby Dwyer ("Dwyer"), and Ryan Hopkins ("Hopkins") with performing personal training sessions that they admittedly did not perform. The result was that plaintiff, Dwyer, and Hopkins received commission payments that they were not entitled to receive. *Exh. E. at 34:13 -20; 37:24 – 38:8; 43:17 – 23; 37:20 – 23.*

15. Sanders and Plotkin reviewed video surveillance footage on which they observed that only plaintiff was in the vicinity of her office when the sessions were reinstated and pulled. *Exh. F. at 80:15 – 81:3.* They also observed that from the video surveillance Maietta and Hobbie were not present at the Equinox Soho Club when the sessions were reinstated and pulled. *Exh. E. at 123:24 – 124:9; 174:16 – 25.* Maietta also was not scheduled to work on the days when the sessions were reinstated and pulled. *Exh. C. at 57:10 - 14.*

16. Plaintiff admits that no one else was in her office at the time when the sessions were reinstated and pulled. *Exh. F. at 62:14 – 23.*

4

17. Sanders questioned and investigated Maietta and Hobbie with regards to their involvement in the pulled-sessions incident. Sanders believed that neither one could have pulled the sessions. *Exh. E. at 122:12 – 123:23; 153:16 – 22; 123:24 – 124:9; 174:16 – 25.*

18. Plaintiff was questioned during the investigation and she did offer any explanation as to how the personal training sessions could have been reinstated and then pulled in her own office, at her computer, using her and Hobbie's cashier codes. Plaintiff only denied involvement. *Exh. F. at 85:3 – 21; 86:3 – 11; 185:24 – 186:11.*

F. **Termination**

19. On September 1, 2011, plaintiff's employment was terminated by Plotkin and Sanders in Sanders' office. *Exh. F. at 97:7-10.* Plaintiff was told that she was being terminated because it was believed that she was stealing from Equinox. *Exh. E. at 51:15 – 24.* Plaintiff admits that illegally pulling sessions is an issue that would warrant the termination of an employee's employment. *Exh. C. at 126:4 – 8.*

20. Plaintiff admits that she did not complain that she was being unlawfully terminated because of her cancer and/or gender during the termination meeting or that she ever made any prior complaint of unlawful discrimination during her employment with Equinox. *Id. at 141:10 – 18.*

Dated: October 25, 2013
       New York, New York

5

LAROCCA HORNIK ROSEN
GREENBERG & BLAHA LLP

By: _____
Lawrence S. Rosen (LR-8027)
Patrick McPartland (PM-4255)
40 Wall Street, 32nd Floor
New York, New York 10005
T: 212-530-4822, 4837
Email: lrosen@lhrgb.com
           pmcpartland@lhrgb.com

*Attorneys for Defendants*